# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4303-16T1

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

      Plaintiff-Respondent,

v.

J.L.N.R.,

      Defendant-Appellant,

and

I.W.,

      Defendant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF
K.W., KH.R., and KI.R.,

      Minors.

_____

Submitted October 16, 2018 – Decided October 22, 2018

Before Judges Fisher and Suter.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FG-09-0155-16.

Joseph E. Krakora, Public Defender, attorney for appellant (Daniel A. DiLella, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason W. Rockwell, Assistant Attorney General, of counsel; Jessica A. Faustin, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, attorney for minors (Rachel E. Seidman, Assistant Deputy Public Defender, on the brief).

PER CURIAM

Defendant J.L.N.R. appeals a judgment that terminated her parental relationship to three of her four children – Ki.R. (born in 2007), Kh.R. (born in 2012), and K.W. (born in 2014)[1] – entered after a two-day trial. We reject defendant's arguments about the weight or sufficiency of the evidence and affirm.[2]

---

[1] I.N., who was born in 2010, was placed in his father's custody.

[2] The judgment also terminated defendant I.W.'s parental rights to Ki.R. I.W. has not appealed nor participated in this appeal. The natural fathers of the other two children were never identified.

Parents have a constitutionally protected right to the care, custody and control of their children. Santosky v. Kramer, 455 U.S. 745, 753 (1982); In re Guardianship of K.H.O., 161 N.J. 337, 346 (1999). "The rights to conceive and to raise one's children have been deemed 'essential,' 'basic civil rights . . .,' [that are] 'far more precious . . . than property rights.'" Stanley v. Illinois, 405 U.S. 645, 651 (1972) (citations omitted). "[T]he preservation and strengthening of family life is a matter of public concern as being in the interests of the general welfare. . . ." N.J.S.A. 30:4C-1(a); see also K.H.O., 161 N.J. at 347.

But the constitutional right to the parental relationship is not absolute. N.J. Div. of Youth & Family Servs. v. R.G., 217 N.J. 527, 553 (2014); N.J. Div. of Youth & Family Servs. v. A.W., 103 N.J. 591, 599 (1986). At times, a parent's interest must yield to the State's obligation to protect children from harm. N.J. Div. of Youth & Family Servs. v. G.M., 198 N.J. 382, 397 (2009); In re Guardianship of J.C., 129 N.J. 1, 10 (1992). To effectuate these concerns, the Legislature created a test for determining when a parent's rights must be terminated in a child's best interests. N.J.S.A. 30:4C-15.1(a) requires that the Division of Child Protection and Permanency prove by clear and convincing evidence the following four prongs:

(1) The child's safety, health, or development has been or will continue to be endangered by the parental relationship;

(2) The parent is unwilling or unable to eliminate the harm facing the child or is unable or unwilling to provide a safe and stable home for the child and the delay of permanent placement will add to the harm . . .;

(3) The [D]ivision has made reasonable efforts to provide services to help the parent correct the circumstances which led to the child's placement outside the home and the court has considered alternatives to termination of parental rights; and

(4) Termination of parental rights will not do more harm than good.

See also A.W., 103 N.J. at 604-11.

The Division called a caseworker and two experts to testify about this family and the circumstances that warranted the termination of defendant's parental rights. Defendant neither testified nor called any witnesses. Notwithstanding, she argues that the Division's proofs did not meet the clear and convincing standard on all four of the prongs imposed by N.J.S.A. 30:4C-15.1(a). We find insufficient merit in her arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following brief comments.

A-4303-16T1

In his oral decision, Judge Anthony V. D'Elia found the Division demonstrated, by clear and convincing evidence, that all four prongs supported termination of defendant's parental rights by relying on the testimony of the Division caseworker and two experts, all of whom he found credible and persuasive. The judge found, among other things, that defendant's bipolar affective disorder, depression, and substance abuse issues endangered the children's well-being and that defendant was unable or unwilling to adequately address these circumstances. The judge also determined that the Division made reasonable efforts to assist defendant in combatting those concerns, but she had not sufficiently responded, as revealed by her many missed appointments to fully engage the opportunities the Division provided. In weighing all the credible evidence, the judge concluded that termination of defendant's parental rights would not do more harm than good.

Having carefully examined the record in light of the arguments posed, we conclude that the judge's findings were supported by evidence he was entitled to find credible and his findings are therefore deserving of our deference. N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 448-49 (2012); Cesare v. Cesare, 154 N.J. 394, 413 (1998). We affirm substantially for the reasons set forth by Judge D'Elia in his oral decision.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION